CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
02/21/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:09-cr-00037 |
| v. | MEMORANDUM OPINION |
| JEFFREY MITCHELL TERRY, *Defendant*. | JUDGE NORMAN K. MOON |

Defendant Jeffrey Mitchell Terry ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 42). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A multi-count indictment was filed against Defendant on October 28, 2009. (Dkt. 10). On December 28, 2009, Defendant pled guilty to Count Five of the Indictment, possession of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Count Six of the Indictment, using or carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Dkts. 23–25). Due to a prior felony drug conviction, the United States filed a notice pursuant to 18 U.S.C. § 851(a)(1), subjecting Defendant to enhanced penalties under 21 U.S.C. § 841(b)(1)(B). (Dkt. 42 at 2). Accordingly, Defendant's mandatory minimum sentence on Count Five was 120 months imprisonment. (Dkt. 42 at 2). Defendant was ultimately sentenced to 120 months imprisonment for Count Five and 60 months imprisonment for Count Six, for a total of sentence of 180 months imprisonment. Defendant then filed this motion pursuant to the newly enacted First Step Act. (Dkt. 42).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

1

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010)[1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B) was increased from 5 grams to 28 grams and the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841 (b)(1)(A) was increased from 50 grams to 280 grams. *Id*.

At the time of Defendant's sentencing, pursuant to the § 851 enhancement, his conviction of Count Five resulted in a statutory mandatory minimum of 120 months imprisonment, resulting in a guidelines range of 120–125 months imprisonment. Under the First Step Act, the guidelines range for Defendant's offense is decreased to 70–87 months imprisonment. (Dkts. 42 at 4 and 50 at 7).

The Court has been advised that Defendant's projected release date is November 28, 2022 and that he has served approximately 114 months of his sentence. The parties agree that Defendant is eligible for a sentence reduction under the First Step Act, but disagree as to what reduction is appropriate. After consideration of the § 3553(a) factors as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence to 130 months, but not less than time served, is appropriate.[2] At the original sentencing, this Court imposed the minimum sentence required by law. (Dkt. 35). Had the statutory mandatory minimum not been 120 months, Defendant's guideline range would have been 100–125 months and the Court would have imposed the guideline minimum. A guideline sentence under the First Step Act would be 70–87 months imprisonment. Accordingly, after a review of the record the Court determines that

---

[2] The 130 month total is the result of a reduction to Defendant's sentence on Count Five from 120 months to 70 months imprisonment. Defendant's sentence of 60 months for Count Six remains unchanged.

3

a reduction of Defendant's sentence from 120 months to 70 months on Count Five is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Defendant's sentence will be reduced to a total of 130 months, but not less than time served, to be followed by a term of supervised release of 6 years on Count Five. A sentence of 130 months, but not less than time served, furthers the factors set forth in § 3553(a), which, among other things, requires the consideration of the need to protect the public, deterrence, and the avoidance of sentencing disparities among similarly situated defendants. *See United States v. Clark*, No. 5:03-cr-30093 (W.D. Va. Feb. 13, 2019) (reasoning that a sentence of time served would best serve the need to protect the public and deter future and noting "that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range.") (citations omitted). Defendant's sentence on Count Six and all other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 21st day of February 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE